IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL F. LARA,**<br><br>Petitioner,<br><br>v.<br><br>**MARTIN D. BITER, Warden,**<br><br>Respondent. | 1:13-cv-00354 MJS HC<br><br>**ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE VACATED** |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6.)

Petitioner was convicted of attempted murder and assault with a firearm and sentenced to 35 years to life in state prison. (See Pet.) He appealed his conviction to the California Court of Appeal, Fifth Appellate District and to the California Supreme Court which affirmed the judgment to the above referenced counts. (Id. at 2-3.) Petitioner's subsequently filed petitions for writ of habeas corpus in the California Courts were denied. (Id.)

On March 12, 2013, Petitioner filed the instant petition. On March 27, 2013, Petitioner filed a motion to stay the petition. (Mot. to Stay, ECF No. 7.) The Court granted

the stay on May 7, 2012. (ECF No. 8.)

Nearly six months have passed since the stay was issued, and Petitioner has not yet notified the Court that he has exhausted his state court remedies.

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544 U.S. 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

Here, nearly six months have passed since the matter was stayed. Petitioner has had sufficient time to present any unexhausted claims before the state courts. Petitioner is therefore ordered to show cause and explain why the stay should not be vacated.

## ORDER

Accordingly, it is ORDERED that Petitioner file a response to the order to show cause within fourteen (14) days of service of this order explaining why the stay should not be vacated.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: October 30, 2013            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE