IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL F. LARA,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MARTIN D. BITER, Warden,<br><br>　　　　　　　Respondent. | Case No. 1:13-cv-00354 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 24]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by R. Todd Marshall, of the Office of the Attorney General for the State of California.

**I.　　BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, upon being convicted by a jury on November 19, 2008 of attempted murder, assault with a firearm, and various enhancements. (See Lodged Docs. 1-2.) On June 3, 2009, Petitioner was sentenced to an indeterminate state prison term of thirty-five (35) years to life. (Id.)

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District. The court affirmed the judgment on September 28, 2010. (Lodged Docs. 3-4.)

Petitioner then filed a petition with the Supreme Court of California. It denied the petition for review on December 15, 2010. (Lodged Docs. 3-4.)

Petitioner proceeded to file six collateral appeals to his conviction in state court. (See Lodged Docs. 5-16.) The petitions were filed as follows:

1. Kern County Superior Court
   Filed: October 25, 2011[1];
   Denied: December 15, 2011;

2. California Court of Appeal, Fifth Appellate District
   Filed: February 16, 2012[2];
   Denied: March 16, 2012;

3. California Supreme Court
   Filed: July 1, 2012[3];
   Denied: October 10, 2012;

4. Kern County Superior Court
   Filed: April 30, 2013[4];
   Denied: August 22, 2013;

5. California Court of Appeal, Fifth Appellate District
   Filed: October 15, 2013[5];
   Denied: November 14, 2013;

6. California Supreme Court
   Filed: January 7, 2014[6];
   Denied: March 12, 2014.

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner signed the petition on October 25, 2011. Accordingly, the Court shall consider the petition filed on that date, rather than November 16, 2011, the date it was received.

[2] Petitioner signed the petition on February 16, 2012. Accordingly, the Court shall consider the petition filed on that date, rather than March 2, 2012, the date it was received.

[3] Petitioner signed the petition on July 1, 2012. Accordingly, the Court shall consider the petition filed on that date, rather than July 12, 2012, the date it was received.

[4] Petitioner signed the petition on April 30, 2013. Accordingly, the Court shall consider the petition filed on that date, rather than May 6, 2013, the date it was received.

[5] Petitioner signed the petition on October 15, 2013. Accordingly, the Court shall consider the petition filed on that date, rather than October 29, 2013, the date it was received.

[6] Petitioner signed the petition on January 7, 2014. Accordingly, the Court shall consider the petition filed on that date, rather than January 13, 2014, the date it was received.

(Lodged Docs. 5-16.)

Petitioner filed the instant federal habeas petition on January 29, 2013.[7] (Pet.) On March 23, 2014, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 24.) Petitioner filed an opposition to the motion to dismiss on June 25, 2014. (ECF No. 26.) Respondent filed a reply on July 17, 2014. (ECF No. 29.)

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal

---

[7] Although the Petition was filed on March 12, 2013, Petitioner shall be provided an earlier filing date of January 29, 2013, the date he signed the petition.

answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on January 29, 2013, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the

4

1  petitioner's direct review became final or the date of the expiration of the time for seeking
2  such review. In this case, the California Supreme Court denied review on December 15,
3  2010. (Lodged Doc. 4.) The state appeal process became final ninety days later, on
4  March 15, 2011, when the time for seeking certiorari with the United States Supreme
5  Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir.
6  1999). The AEDPA statute of limitations began to run the following day, on March 16,
7  2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

8  Petitioner would have one year from March 16, 2011, absent applicable tolling, in
9  which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in
10 filing the instant petition until January 29, 2013, nine months after the statute of
11 limitations period expired. Absent the later commencement of the statute of limitations
12 or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

14  28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
15  application for State post-conviction or other collateral review with respect to the
16  pertinent judgment or claim is pending shall not be counted toward" the one year
17  limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held
18  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction
19  relief, and the period is tolled during the intervals between one state court's disposition of
20  a habeas petition and the filing of a habeas petition at the next level of the state court
21  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th
22  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations
23  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was
24  timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
25  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or
26  determined by the federal courts to have been untimely in state court will not satisfy the
27  requirements for statutory tolling. Id.

28  According to the state court records provided by Respondent, Petitioner filed his

1 first petition for collateral relief, in the form of a petition for writ of habeas corpus, on
2 October 25, 2011. (Lodged Doc. 4.) Respondent concedes that Petitioner is entitled to
3 tolling with regard to Petitioner's first and second petitions and the interval between the
4 petitions. However, 223 days of the limitation period passed before the first Petition was
5 filed. Based on tolling, 142 days of the limitations period remained when the second
6 petition was denied on March 16, 2012.

7 Petitioner next filed a state habeas petition with the California Supreme Court on
8 July 1, 2012, which was denied on October 12, 2012. Here, Petitioner delayed 108 days
9 from the denial of his appellate court petition to the filing of his habeas petition with the
10 California Supreme Court. Unexplained delays of such duration are unreasonable, and
11 not entitled to statutory tolling. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011)
12 (unexplained eighty and ninety-one day delays in filing are unreasonable under
13 California law and prevent tolling of AEDPA's one year statute of limitations.). In his
14 opposition, Petitioner explains that the prison was on lockdown for 45 days starting on
15 February 29, 2012. (Opp'n at 6.) Further, after the lockdown, Petitioner asserts that it
16 took him another 14 days to access the law library. Accordingly, Petitioner asserts that
17 he lacked law library access until April 28, 2012. As his appellate court petition was
18 denied on March 16, 2012, Petitioner was not able to access the law library for 43 days
19 after the petition was denied. Even though Petitioner gained access to the law library at
20 the end of April, he delayed an additional two months in filing his petition with the
21 California Supreme Court on July 1, 2012. The fact that Petitioner was not diligent after
22 the lockdown in attempting to pursue state habeas relief indicates that the delay, even
23 taking account the lockdown, was unreasonable. Compare Carey v. Saffold, 536 U.S.
24 214, 226 (2002) (Leaving open the question if the delay was reasonable when Petitioner
25 argued that "[h]e was not notified of the Court of Appeal's decision for several months,
26 and he filed within days after receiving notification."). Petitioner is not entitled to tolling
27 for the period between filing his petitions.

28 Accordingly, 108 days of limitations period passed between March 16, 2012 (the

6

1  denial of the appellate petition) and July 1, 2012 (the date of filing of the petition for writ
2  of habeas corpus with the California Supreme Court). Respondent concedes that
3  Petitioner is entitled to tolling with regard to his third state petition. Accordingly Petitioner
4  is entitled to tolling from July 1, 2012, to October 12, 2012. Petitioner claims he is
5  entitled to an additional 30 days of tolling because the California Supreme Court's denial
6  "did not become final until 30 days after it was filed," citing Bunney v. Mitchell, 262 F.3d
7  973 (9th Cir. 2001). However, the holding in Bunney is no longer valid. On January 1,
8  2003, the California Supreme Court made clear that its orders denying petitions for writs
9  of habeas corpus within its original jurisdiction are final at the time of filing. See Cal.
10 Rules of Court, Rule 8.532. Petitioner is only entitled to tolling until October 12, 2012.

11     As 108 days of the limitation period passed before the application was filed, 34
12 days of the limitations period remained when the petition was denied on October 12,
13 2012. Accordingly the limitations period expired 34 days later on November 15, 2012.

14     While Petitioner filed another round of state habeas petitions starting on April 30,
15 2013, state petitions filed after the expiration of the statute of limitations period shall
16 have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section
17 2244(d) does not permit the reinitiation of the limitations period that has ended before
18 the state petition was filed."). The present petition was filed on January 29, 2013, over
19 three months after the expiration of the year statute of limitations period. The instant
20 federal petition is untimely.

21     **D.    Equitable Tolling**

22     The limitations period is subject to equitable tolling if the petitioner demonstrates:
23 "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
24 circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);
25 quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would
26 give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th
27 Cir. 1993).

28     Petitioner claims that he was limited access to the law library due to prison

1  lockdowns. Such circumstances are not extraordinary and do not warrant equitable
2  tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997)
3  (inability to secure copies of transcripts from court reporters and lockdowns at prison
4  lasting several days and allegedly eliminating access to law library were not
5  extraordinary circumstances and did not equitably toll one-year statute of limitations);
6  Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999)
7  ("lockdowns, restricted library access and transfers do not constitute extraordinary
8  circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners
9  familiar with the routine restrictions of prison life must take such matters into account
10 when calculating when to file a federal [habeas] petition . . . ."); Giraldes v. Ramirez-
11 Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL 775085, *2 (N.D. Cal. 1998) (holding
12 that prison lockdowns do not constitute extraordinary circumstances warranting equitable
13 tolling). Petitioner's claim that his lack of access to the law library should equitably toll
14 the limitations period is insufficient and does not justify equitable tolling.

15      Furthermore, as described above, Petitioner asserts that he lacked access to the
16 law library for 43 days during the limitations period. Even if Petitioner was afforded tolling
17 for those 43 days, the limitations period would have expired on December 28, 2012, a
18 month before Petitioner filed his federal petition. Accordingly, the petition remains
19 untimely.

20 **III.    CONCLUSION**

21      As explained above, Petitioner failed to file the instant petition for Habeas Corpus
22 within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is
23 entitled to the benefit of statutory tolling, but his federal petition was still untimely filed.
24 Further, Petitioner was not entitled to equitable tolling.  Based on the foregoing, this
25 Court recommends that Respondent's motion to dismiss be GRANTED.

26 **IV.    RECOMMENDATION**

27      Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for
28 Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

Case 1:13-cv-00354-LJO-MJS   Document 30   Filed 07/29/14   Page 9 of 9

GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 28, 2014           /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE